IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOPHOS, INC.<br><br>    Defendant. | Civil Action No. 2:13-cv-959<br><br><br><br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT**

In this Complaint against Defendant Sophos, Inc., Plaintiffs allege, based on their own knowledge with respect to their own actions and based on information and belief with respect to all other actions, as follows:

**NATURE OF THE ACTION**

1.    This action for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

**PARTIES**

2.    Plaintiff RPost Communications Limited ("RPC") is a corporation organized under the laws of the Nation of Bermuda. It is the owner of United States Patent No. 8,504,628 ("the '628 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,468,199 ("the '199 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages." RPC is also the owner of United States Patent No. 8,224,913 ("the '913 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."

RPC is also the owner of United States Patent No. 8,209,389 ("the '389 patent") entitled "System and Method for Verifying Delivery and Integrity of Electronic Messages."  The '628, '199, '913 and '389 patents were duly and legally issued by the United States Patent and Trademark Office on August 6, 2013; June 18, 2013; July 17, 2012; and June 26, 2012 respectively, after full and fair examination.  The '628, '199, '913 and '389 patents are valid and enforceable.  True and correct copies of the '628, '199, '913 and '389 patents are attached as Exhibits A, B, C, and D respectively.

3.   Plaintiff RPost Holdings, Inc. ("RPH") is a corporation organized under the laws of the State of Delaware having a place of business at 555 Republic Drive #200 Plano, Texas 75074.  It is an exclusive licensee from RPC of the '628, '199, '913 and '389 patents.

4.   On information and belief, Defendant Sophos, Inc. is a Massachusetts corporation having a principal place of business at 3 Van De Graaff Drive, Burlington, Massachusetts, 01803.  Sophos provides technologies that allow users to track, report, analyze, and authenticate data regarding electronic messages, including but not limited to Sophos's Unified Threat Management, Enduser Protection Suites, SafeGuard Encryption, Secure Email Gateway, Server Security, PureMessage, SafeGuard MailGateway, Sophos Email Appliance, PrivateCrypto, SPX Encryption, and Astaro Security Gateway/Sophos UTM Unified Threat Management products.

5.   Sophos has committed acts of infringement and other unlawful acts in this judicial district and does regular business in this judicial district, including providing the technologies accused of infringement in this judicial district.

6.   On information and belief, Sophos is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Sophos resides in

this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Upon information and belief, Sophos has appointed CT Corporation System, 155 Federal Street Suite 700, Boston, Massachusetts 02110 as its agent for service of process.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 1400(b).  On information and belief, Defendant conducts business in this district, the claims alleged in this Complaint arise in this district, and the acts of infringement have taken place and are continuing to take place in this district.

9. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendants have minimum contacts within the State of Texas and the Eastern District of Texas, including via the website www.sophos.com, under due process and/or the Texas Long Arm Statute, Defendant has purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

10. Upon information and belief, Defendant had knowledge or was aware of the '628, '199, '913 and '389 patents before the filing of the Original Complaint because products marked with the patent numbers of one or more of these patents are made, offered for sale, and sold in the United States, including but not limited to by RPost.  RPost marks products with the patent number of one or more of the '628, '199, '913 and '389 patents, among other places, in the

products' web-based user interface, which provides link to a list including these patents.  RPost has also issued press releases regarding the issuance of the patents found at www.rpost.com. Thus, Defendant and the public are deemed to have notice of the '628, '199, '913 and '389 patents.

11. Upon information and belief, Defendants had knowledge or was aware of the '628, '199, '913 and '389 patents before the filing of this Complaint because RPost provided Sophos actual notice of these patents at least as of October 16, 2013.

12. Upon information and belief, based on the above-identified knowledge, as of at least the filing of the Complaint, Defendant knew that they infringed one or more of the '628, '199, '913 and '389 patents or was aware of these patents and but acted with objectively reckless disregard for those patents by continuing to make, use, sell, and/or offer for sale products that infringe these patents.

13. More specifically, Defendant directly and/or through intermediaries makes, offers for sale, sells, and/or advertises (including the provision of an interactive website) products and services in the United States, the State of Texas, and the Eastern District of Texas.  On information and belief, Defendant has committed acts of infringement in the State of Texas and in the Eastern District of Texas.  Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  On information and belief, Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,504,628

14. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

15.     On information and belief, Defendant has been and now is infringing the '628 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Sophos's Unified Threat Management, Enduser Protection Suites, SafeGuard Encryption, Secure Email Gateway, Server Security, PureMessage, SafeGuard MailGateway, Sophos Email Appliance, PrivateCrypto, SPX Encryption, and Astaro Security Gateway/Sophos UTM Unified Threat Management products.  Defendant is thus liable for infringement of the '628 patent under 35 U.S.C. § 271.  Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses.  On information and belief, Defendant is aware of the '628 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the '628 patent.

16.     On information and belief, Defendant's infringement of the '628 patent has been and/or is willful.

17.     As a result of Defendant's infringement of the '628 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

18.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant from infringing the '628 patent, Plaintiffs will be greatly and irreparably harmed.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,468,199**

19.     Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

20. On information and belief, Defendant has been and now is infringing the '199 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Sophos's Unified Threat Management, Enduser Protection Suites, SafeGuard Encryption, Secure Email Gateway, Server Security, PureMessage, SafeGuard MailGateway, Sophos Email Appliance, PrivateCrypto, SPX Encryption, and Astaro Security Gateway/Sophos UTM Unified Threat Management products. Defendant is thus liable for infringement of the '199 patent under 35 U.S.C. § 271. Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Defendant is aware of the '199 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the '199 patent.

21. On information and belief, Defendant's infringement of the '199 patent has been and/or is willful.

22. As a result of Defendant's infringement of the '199 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

23. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant from infringing the '199 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,224,913

24. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

25. On information and belief, Defendant has been and now is infringing the '913 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Sophos's Unified Threat Management, Enduser Protection Suites, SafeGuard Encryption, Secure Email Gateway, Server Security, PureMessage, SafeGuard MailGateway, Sophos Email Appliance, PrivateCrypto, SPX Encryption, and Astaro Security Gateway/Sophos UTM Unified Threat Management products. Defendant is thus liable for infringement of the '913 patent under 35 U.S.C. § 271. Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Defendant is aware of the '913 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the '913 patent.

26. On information and belief, Defendant's infringement of the '913 patent has been and/or is willful.

27. As a result of Defendant's infringement of the '913 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

28. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant from infringing the '913 patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,204,389

29. Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth in this Count.

30. On information and belief, Defendant has been and now is infringing the '389 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling and/or offering for sell products and services that verify the delivery and integrity of electronic messages, including but not limited to Sophos's Unified Threat Management, Enduser Protection Suites, SafeGuard Encryption, Secure Email Gateway, Server Security, PureMessage, SafeGuard MailGateway, Sophos Email Appliance, PrivateCrypto, SPX Encryption, and Astaro Security Gateway/Sophos UTM Unified Threat Management products. Defendant is thus liable for infringement of the '389 patent under 35 U.S.C. § 271. Defendant's accused products and services are not staple articles of commerce capable of substantial non-infringing uses. On information and belief, Defendant is aware of the '389 patent and, either individually or collectively, actively encourages consumers to use the accused products and services in a manner that infringes the '389 patent.

31. On information and belief, Defendant's infringement of the '389 patent has been and/or is willful.

32. As a result of Defendant's infringement of the '389 patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

33. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert with Defendant from infringing the '389 patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendant has infringed the '628, '199, '913 and '389 patents., and that such infringement has been and is willful;

2.       A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert with Defendant from infringing the '628, '199, '913 and '389 patents.;

3.       A judgment and order requiring Defendant to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '628, '199, '913 and '389 patents as provided under 35 U.S.C. § 284;

4.       An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant prohibited conduct with notice being made before the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.       A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

6.       Any and all other relief that the Court or the jury may deem proper and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, RPost Holdings, Inc. and RPost Communications Limited under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated:  November 12, 2013

By: /s/ Lewis E. Hudnell, III
Winston O. Huff, State Bar No. 24068745
Deborah Jagai, State Bar No. 24048571
W.O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

Lewis E. Hudnell, III
Colvin Hudnell LLP
375 Park Avenue Suite 2607
New York, New York 10152
Tel: 347.855.4772
Fax: 347.772.3034
lewis@colvinhudnell.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF FILING**

      I certify that on November 12, 2013, I electronically filed the foregoing Original Complaint with the Clerk of the Court using the CM/ECF system.

                                        /s/  Lewis E. Hudnell, III