IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED,<br><br>　　　　Plaintiffs,<br>v.<br><br>SOPHOS INC.<br><br>　　　　Defendant. | Civil Action No. 2:13-cv-959<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT SOPHOS INC.'S ANSWER TO ORIGINAL COMPLAINT**

Defendant Sophos Inc. ("Sophos" or "Defendant") hereby submits its Answer to the Complaint for Patent Infringement ("Complaint") filed by Plaintiffs RPost Holdings, Inc. ("RPH") and RPost Communications Limited ("RPC") (collectively "RPost") as follows:

By answering RPost's Complaint, Sophos does not consent to litigate this case in this District. RPost's Complaint violates the first-to-file rule and should be dismissed, transferred or stayed in favor of Sophos's first-filed Complaint in the District of Massachusetts. Sophos does not agree with or accept any argument made by RPost in its opposition to Sophos's Motion to Dismiss or, in the Alternative, Transfer or Stay RPost's Complaint Pursuant to the First-to-File Rule (Dkt. No. 8), and Sophos does not waive any arguments made in its motion or in its reply brief.

**NATURE OF THE ACTION**

1.　　Sophos admits that the Complaint purports to state a claim for patent infringement arising under the laws of the United States, but Sophos denies any liability thereunder and Sophos denies that RPost has pled a claim for willful infringement, or any other claim, that

1

complies with the appropriate pleading requirements. Sophos denies the remaining allegations of paragraph 1.

**PARTIES**

2. Sophos admits that United States Patent No. 8,504,628 ("the '628 patent") purportedly issued on August 6, 2013. Sophos admits that United States Patent No. 8,468,199 ("the '199 patent") purportedly issued on June 18, 2013. Sophos admits that United States Patent No. 8,224,913 ("the '913 patent") purportedly issued on July 17, 2012. Sophos admits that United States Patent No. 8,209,389 ("the '389 patent") purportedly issued on June 26, 2012. Sophos denies the remaining allegations of paragraph 2.

3. Sophos lacks sufficient information to admit or deny the allegations of paragraph 3, and on that basis denies them.

4. Sophos admits that Sophos Inc. is a Massachusetts corporation having its principal place of business at 3 Van de Graaff Drive, 2nd Floor, Burlington, Massachusetts 01803. Sophos admits that it has provided technologies to users called or described as Unified Threat Management, Enduser Protection Suites, SafeGuard Encryption, Secure Email Gateway, Server Security, PureMessage, SafeGuard MailGateway, Sophos Email Appliance, Safeguard PrivateCrypto, SPX Encryption, and Astaro Security Gateway/Sophos UTM. Sophos denies the remaining allegations of paragraph 4.

5. Sophos admits that it has conducted business in this District, but denies the remaining allegations of paragraph 5, and specifically denies that it has committed any acts that constitute infringement or any other unlawful acts.

6. Sophos admits that it is a nonresident of Texas, and that it has conducted business in this state. Sophos admits that it does not maintain a regular place of business in this state or a

designated agent for service of process in this state. Sophos admits that it has appointed CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110 as its agent for service of process in Massachusetts. Sophos denies the remaining allegations of paragraph 6, and specifically denies that venue is proper in this District.

## JURISDICTION AND VENUE

7. Sophos admits that this Court has subject matter jurisdiction over the claims alleged against Sophos, but Sophos denies any liability thereunder.

8. Sophos admits that it has conducted business in this District, but Sophos denies the remaining allegations of paragraph 8, and specifically denies that venue is proper in this District.

9. Sophos admits that this Court has personal jurisdiction over it, but Sophos denies that it has committed any acts that constitute infringement or that otherwise give rise to this action. Sophos denies the remaining allegations of paragraph 9.

10. Sophos lacks sufficient information to admit or deny the allegations of paragraph 10, and on that basis denies them.

11. Sophos admits that RPost sent Sophos a letter dated October 16, 2013 that identified the RPost patents asserted in this lawsuit. Sophos denies the remaining allegations of paragraph 11.

12. Sophos denies the allegations of paragraph 12.

13. Sophos admits that it offers for sale, sells, or advertises products and services in the United States, the State of Texas and the Eastern District of Texas. Sophos denies the remaining allegations of paragraph 13, and specifically denies that it has committed any acts of

infringement or that otherwise give rise to this action in the State of Texas or in the Eastern District of Texas.

## **COUNT I**
## **INFRINGEMENT OF U.S. PATENT NO. 8,504,628**

14. Sophos incorporates by reference its responses to paragraphs 1-13.

15. Sophos denies the allegations of paragraph 15.

16. Sophos denies the allegations of paragraph 16.

17. Sophos denies the allegations of paragraph 17.

18. Sophos denies the allegations of paragraph 18.

## **COUNT II**
## **INFRINGEMENT OF U.S. PATENT NO. 8,468,199**

19. Sophos incorporates by reference its responses to paragraphs 1-18.

20. Sophos denies the allegations of paragraph 20.

21. Sophos denies the allegations of paragraph 21.

22. Sophos denies the allegations of paragraph 22.

23. Sophos denies the allegations of paragraph 23.

## **COUNT III**
## **INFRINGEMENT OF U.S. PATENT NO. 8,224,913**

24. Sophos incorporates by reference its responses to paragraphs 1-23.

25. Sophos denies the allegations of paragraph 25.

26. Sophos denies the allegations of paragraph 26.

27. Sophos denies the allegations of paragraph 27.

28. Sophos denies the allegations of paragraph 28.

4

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,204,389

29. Sophos incorporates by reference its responses to paragraphs 1-28.

30. Sophos denies the allegations of paragraph 30.

31. Sophos denies the allegations of paragraph 31.

32. Sophos denies the allegations of paragraph 32.

33. Sophos denies the allegations of paragraph 33.

## PRAYER FOR RELIEF

Sophos denies that RPost is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

This paragraph requires no response.

## GENERAL DENIAL

Sophos denies any allegations in the Complaint not specifically admitted in Sophos's Answer above.

\* \* \*

## AFFIRMATIVE DEFENSES

Sophos's Affirmative Defenses are listed below. The designation of any defense as an "Affirmative Defense" does not indicate that Sophos bears the burden of proof with respect to that defense. Sophos reserves the right to amend its Answer to add Affirmative Defenses, including inequitable conduct, consistent with facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '628 patent, the '199 patent, the '913 patent and the '389 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

RPost's Complaint fails to state a claim on which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel)

RPost's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief)

RPost cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

RPost's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Prosecution Disclaimer)

RPost is estopped from construing the claims of the '628 patent, the '199 patent, the '913 patent and the '389 patent in such a way as to cover any of Sophos's products or actions, due to statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the '628 patent, the '199 patent, the '913 patent and the '389 patent, during the *inter partes* review of any of those patents, or at any other time, including statements made during the prosecution, reexamination, and/or *inter partes* review of patents and/or applications relating to the '628 patent, the '199 patent, the '913 patent and the '389 patent.

WEST\245958564.3

## SEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

RPost's complaint should be dismissed, transferred, or stayed pursuant to the first-to-file rule and/or 28 U.S.C. § 1404(a).

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

RPost lacks standing to bring this action.

## NINTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Sophos reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any other related case.

Respectfully submitted,

Dated: January 24, 2014

By: */s/ Todd Patterson*
Todd Patterson (Texas Bar No. 24060396)
todd.patterson@dlapiper.com
**DLA Piper LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Phone: 512.457.7000
Fax: 512.457.7001

ATTORNEY FOR DEFENDANT
SOPHOS INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a copy will be sent by first class mail to those indicated as non-registered participants, on January 24, 2014.

                                                             */s/ Todd Patterson*